UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>               Plaintiff,<br>    v.<br><br>THE EMERALD CONDOS et al.,<br><br>               Defendants. | CASE NO. C25-1989JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court are four motions filed by *pro se* Plaintiff Justin Baker: (1) a motion for a preliminary injunction (MPI (Dkt. # 9)); (2) two motions for United States ("U.S.") Marshal service of the summons and complaint (MMS1 (Dkt. # 10); MMS2 (Dkt. # 17)); and (3) a motion to appoint counsel (MAC (Dkt. # 11)). Defendants Joe Majewski, CWD Group, and Zach Page (collectively, "Defendants") have not appeared in this action. (*See generally* Dkt.) Being fully advised, the court DENIES as moot Mr.

ORDER - 1

Baker's motions for U.S. Marshal service and motion for a preliminary injunction and DENIES Mr. Baker's motion to appoint counsel.

## II.   BACKGROUND

This case arises from a housing dispute between Mr. Baker and Defendants. (*See generally* Second Amended Complaint ("SAC") (Dkt. # 15).) Mr. Baker is a disabled person who, since May 2025, has resided at the Emerald condominiums (the "Emerald")— formerly a defendant in this case. (SAC at 3; *see* Compl. (Dkt. # 5) at 2.) Mr. Majewski and Mr. Page are employed by CWD Group and manage the Emerald's homeowner's association (the "HOA"). (SAC at 3.) Mr. Baker alleges that the Emerald and CWD Group are retaliating against him because (1) he filed a complaint with the City of Seattle asserting that the Emerald overcharged him fees; and (2) he filed a complaint with the City of Seattle Department of Construction & Inspections ("SDCI") about the habitability of the Emerald. (*Id*. at 3-4 (describing the nature of the complaints Mr. Baker made to SDCI).) Mr. Baker also alleges that he and Defendants entered into several disputes pertaining to Mr. Baker's purported noncompliance with building policies. (*See id*. (describing disputes pertaining to Mr. Baker's alleged noncompliance with recycling and trash disposal policies).) Mr. Baker contends that the Emerald's staff have responded to his filing of reports with the City by "stalking and harassing" him and by surveilling him by "taking photos and videos[.]" (*Id*.)

Mr. Majewski and Mr. Page enforce HOA policies for the Emerald. (*Id*. at 5.) Mr. Baker alleges that he informed Mr. Majewski and Mr. Page of his disabilities as well as his inability to comply with some HOA policies pertaining to physical tasks, and

requested accommodations. (*Id*.) He asserts that the HOA created "bylaws that discriminate against [him]" and acts to enforce such laws. (*Id*.) For example, Mr. Baker alleges that he requested and was denied a parking spot at the Emerald for his physical therapist who periodically visits the Emerald for appointments. (*Id*.)

Mr. Baker filed his original complaint on October 15, 2025. (*See* Compl. (Dkt. # 5).) He filed the operative second amended complaint on December 2, 2025[1]. (*See* SAC; *see also* 11/19/25 Min. Order (granting Mr. Baker leave to amend).) Mr. Baker raises claims against Defendants for (1) defamation, 28 U.S.C. § 4101; (2) violations of Fair Housing Act ("FHA") regulations; (3) violations of the FHA, 42 U.S.C. §§ 3604, 3617; (4) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203, 12181, 12182; and (5) disclosure of personal information, 15 U.S.C. § 6802. (*See generally* SAC.) Mr. Baker seeks (1) $80 million U.S. dollars or the maximum allowable damages for punitive, treble, and compensatory damages, (2) injunctive relief, and (3) an order that Defendants be monitored for at least 24 months to prevent further unlawful acts and to ensure a non-hostile environment at his home. (*See* SAC at 25.)

On November 10, 2025, Mr. Baker moved for a preliminary injunction, in which he seeks assistance with a transfer from his current condo unit that he resides in to a different condo unit within the same building. (*See generally* MPI.) He asserts that

---

[1] Mr. Baker's second amended complaint is 26 single-spaced pages and is not "a short and plain statement of the claim showing that [Mr. Baker] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); (*see generally* SAC). The court declines to "piece together the basis of [his] claim[s]." *Baker v. Avenue5 Residential*, No. C24-01862JHC, 2025 WL 1207666, at *3 (W.D. Wash. Apr. 25, 2025) (citation omitted).

former defendant Sea to Sky Management and the current Defendants may have been unlawfully withholding the new condo unit in retaliation for reporting alleged housing violations. (*See* MPI at 2.)

### III.    ANALYSIS

Mr. Baker is a *pro se* litigant proceeding in this litigation *in forma pauperis* ("IFP"). (*See* 10/15/25 Order (Dkt. # 4) (granting Mr. Baker IFP status).) A court must dismiss at any time an IFP complaint that is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, because Mr. Baker is proceeding *pro se*, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, a *pro se* litigant must follow the same rules of procedure that govern other litigants. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The court first reviews Mr. Baker's claims pursuant to § 1915(e)(2) and then, for any surviving claims, reviews the substance of his motions.

**A.    Mr. Baker's claim for defamation is dismissed.**

Mr. Baker alleges a claim for defamation under 28 U.S.C. § 4101. (*See* SAC at 6.) The Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH" Act) is a 2010 federal law enacted to protect American authors, journalists, and publishers from libel tourism. *See* 28 U.S.C. § 4101. The statute generally makes foreign defamation judgments unenforceable in U.S. courts unless they comply with U.S. free speech and due process protections. *Id*. The SPEECH Act does

not confer a private right of action.  *See* 28 U.S.C. §§ 4101, 4102; *see also Baker*, 2025 WL 1207666 at *2 (dismissing with prejudice Mr. Baker's claim for defamation under 28 U.S.C. § 4101 for failure to state a claim).  Thus, the court dismisses Mr. Baker's claim for a violation of 28 U.S.C. § 4101 with prejudice.

**B.     Mr. Baker's claim for disclosure of personal information is dismissed.**

Mr. Baker alleges a violation of 15 U.S.C. § 6802, a section of the U.S. code that pertains to the Gramm-Leach-Bliley Act and limits how financial institutions can disclose consumers' nonpublic personal information to nonaffiliated third parties.  (SAC at 7); *see* 15 U.S.C. § 6802.  The Gramm-Leach-Bliley Act does not confer a private right of action.  *See* 15 U.S.C. § 6802.  Thus, the court dismisses Mr. Baker's claim for a violation of 15 U.S.C. § 6802 with prejudice.

**C.     Mr. Baker's claims under the Americans with Disabilities Act are dismissed.**

        1.     <u>Retaliation, 42 U.S.C. § 12203</u>

Mr. Baker alleges a claim for retaliation in violation of the ADA, 42 U.S.C. § 12203.  (*See* SAC at 7.)  To state a claim for retaliation under the ADA, Mr. Baker must show (1) a statutorily protected activity, (2) a materially adverse action, and (3) a causal connection between the protected activity and the adverse action.  *See* 42 U.S.C. § 12203.  Mr. Baker does not set forth allegations of this nature against Defendants in the second amended complaint.  (*See generally* SAC; *see also*, *e.g.*, *id*. ¶ 63 (setting forth such allegations against a former defendant).)  Although Mr. Baker alleges that CWD Group retaliated against him for reporting to SDCI his building's issues with water temperature, he does not allege facts showing that he opposed a statutorily protected

activity. (*See generally* SAC; *see also id*. ¶¶ 29-32 (alleging that the issue with the water temperature was a general building issue that impacted "residents on floors 10 through 15 for several weeks").) Thus, the court concludes that he fails to state a claim for a violation of the ADA for retaliation and dismisses his claim with prejudice.

        2.    <u>Public Accommodation, 42 U.S.C. §§ 12181, 12182</u>

Mr. Baker also alleges a violation of Title III of the ADA, 42 U.S.C. §§ 12181, 12182. (*See* SAC at 7.) These sections of the U.S. code prohibit discrimination against individuals with disabilities in places of public accommodation. *See* 42 U.S.C. § 12182. To prevail on a Title III discrimination claim, Mr. Baker must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Mr. Baker was denied public accommodations by the defendant because of his disability. *See* 42 U.S.C. §§ 12182(a)-(b); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (setting forth the requirements to state a claim under 42 U.S.C. § 12182). Title III defines "places of public accommodation" as private entities that own, operate, or lease facilities affecting commerce and fall into one of 12 categories. *See* 42 U.S.C. § 12181(7); *see also Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (clarifying that "places of public accommodation" are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services"). Mr. Baker's claims all relate to disputes arising from his tenure at his personal residence. (*See generally* SAC.) Because Mr. Baker does not allege that any of the Defendants own, lease, or operate a place of public accommodation, his claim under

Title III of the ADA fails as a matter of law.  Thus, the court dismisses Mr. Baker's claim for a violation of Title III of the ADA with prejudice.

**D.      Mr. Baker's claim for violations of the Fair Housing Act is dismissed in part.**

  1. <u>Refusal to rent, making housing unavailable, discriminatory advertising, misrepresentation of availability, and blockbusting, 42 U.S.C. § 3604(a), (c)-(e)</u>

Mr. Baker alleges a violation of the FHA, 42 U.S.C. § 3604(a), for refusal to rent and for making housing unavailable. (*See* SAC at 6.)  This provision of the FHA makes it unlawful to refuse to sell, rent, or otherwise make unavailable a dwelling to any person based on a protected characteristic.  *See* 42 U.S.C. § 3604(a).  Mr. Baker, however, does not allege that Defendants refused to make housing available to him because of his membership in a protected class. (*See generally* SAC.)  In fact, on December 2, 2025, Mr. Baker dismissed from this action the Emerald, which he had alleged committed such a violation.[2]  (*See* SAC ¶¶ 26-27, 35 (alleging that a former party to this action unlawfully made housing unavailable to Mr. Baker).)  Mr. Baker also reported that he and former Defendant Sea to Sky Management successfully signed a 24-month lease for a new unit within his building. (*See generally* 12/2/25 Not.)  Thus, Mr. Baker has not

---

[2] On December 2, 2025, Mr. Baker filed a notice of settlement dismissing Sea to Sky Management and a second amended complaint in which he did not name the Emerald as a defendant. (*See* 12/2/25 Not. (Dkt. # 16); *see also* SAC.)  It is well-established in the Ninth Circuit that "an amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal quotation marks and citation omitted).  Therefore, defendants named in an original complaint who are not named in an amended or subsequent complaint are deemed "dismissed" from the case without further action.

ORDER - 7

plausibly alleged that Defendants refused to make housing available to him in violation of 42 U.S.C. § 3604(a).

Mr. Baker also alleges violations of 42 U.S.C. § 3604(c), for discriminatory advertising; § 3604(d), for misrepresentation of availability; and § 3604(e), for blockbusting, which is a form of housing discrimination designed to induce sales by creating racial tension and exploiting fears about neighborhood decline. (*See* SAC at 6.) To state a claim for discriminatory advertising, Mr. Baker must "'show that the defendant made, printed, or published a discriminatory notice, statement or advertisement.'" *Baker*, 2025 WL 1207666, at *4 (citing *Green v. California Ct. Apartments, LLC*, No. C07-0334MJP, 2008 WL 681835, at *4 (W.D. Wash. Mar. 10, 2008)). To state a claim for misrepresentation of availability, Mr. Baker must show that (1) Defendants falsely represented that a dwelling was not available for inspection, sale, or rental, (2) the dwelling was actually available, and (3) Defendants made the false representation because of Mr. Baker's protected characteristic. *See* 42 U.S.C. § 3604(d). To state a claim for blockbusting, Mr. Baker must show that (1) Defendants acted for profit, (2) Defendants induced or attempted to induce a person to sell or rent a dwelling, and (3) such inducement was based on representations regarding the entry or prospective entry into the neighborhood of persons of a particular protected class. *See* 42 U.S.C. § 3604(e). Mr. Baker makes no allegations of the nature proscribed by 42 U.S.C. § 3604(c)-(d) against Defendants in his second amended complaint. (*See generally* SAC.) Thus, the court dismisses his claim for violations of 42 U.S.C. § 3604(a), (c)-(e) with prejudice.

2. <u>Coercion, 42 U.S.C. § 3617</u>

Mr. Baker also alleges a claim for coercion in violation of the FHA, 42 U.S.C. § 3617. (*See* SAC at 7.) To state a claim for coercion, Mr. Baker must show that (1) he engaged in a protected activity; (2) Defendants subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *See Baker*, 2025 WL 1207666, at *3 (citing *Slaughter v. Valley View I LLP*, No. C23-1360JLR, 2023 WL 6461058, at *2 (W.D. Wash. Oct. 4, 2023)). Although Mr. Baker plausibly asserts that he filed complaints with various municipal authorities, he attributes any resulting adverse actions to a former defendant, rather than one of the instant Defendants. (*See* SAC at 3-4 (describing Mr. Baker's complaints with various authorities); *see, e.g.*, *id*. ¶¶ 21, 23, 37 (alleging that a former defendant subjected Mr. Baker to an adverse action).) Mr. Baker makes only conclusory statements about retaliation by Defendants. (*Id.* ¶ 21, 46, 66-67); *see Baker*, 2025 WL 1207666, at *3 (dismissing Mr. Baker's claim for coercion for failure to state a claim). Thus, Mr. Baker fails to state a claim for coercion against Defendants and the court dismisses this claim with prejudice.

E.  **Mr. Baker's claim for violations of Fair Housing Act regulations is dismissed in part.**

1. <u>Fair Housing Act Poster, 24 C.F.R. § 110.10</u>

Mr. Baker alleges a violation of the FHA regulation requiring persons in the business of selling or renting dwellings to post and maintain a Fair Housing Poster at their place of business. (*See* SAC at 6.); *see also* 24 C.F.R. § 110.10. This regulation,

however, does not confer a private right of action.[3] *See id*. Thus, the court dismisses his claim with prejudice.

        2.      <u>Other Prohibited Sale and Rental Conduct, 24 C.F.R. § 100.70</u>

Mr. Baker alleges a violation of the FHA regulation pertaining to prohibited sale and rental conduct. (*See* SAC at 6.) This regulation prohibits "steering," which is conduct that restricts housing choices or makes housing unavailable based on a protected characteristic. *See* 24 C.F.R. § 100.70. To state a claim for steering, Mr. Baker must show (1) prohibited conduct occurred, (2) because of Mr. Baker's protected characteristic, and (3) injury. *See id.* Mr. Baker makes no allegations of this nature against Defendants in the second amended complaint. (*See generally* SAC.) Thus, the court dismisses his claim with prejudice.

        3.      <u>Voluntary Self-Test Privilege, 24 C.F.R. §§ 100.144, 100.145</u>

Mr. Baker alleges violations of FHA regulations pertaining to the scope and potential loss of an evidentiary privilege related to voluntary self-tests conducted by residential real estate lenders. (*See* SAC at 6.) These regulations do not create obligations for the general public, but rather apply to the specific entities engaged in fair housing compliance testing. *See* 24 C.F.R. §§ 100.144, 100.145. These regulations, however, do not confer a private right of action. *See id*. Thus, the court dismisses these claims with prejudice.

---

[3] Failure to display the Fair Housing Poster as required is deemed *prima facie* evidence of a discriminatory housing practice. *See* 24 C.F.R. § 110.30. An aggrieved party may file a complaint with the Housing and Urban Development's Office of Fair Housing and Equal Opportunity. *Id*.

    4.  <u>Design and Construction Requirements, 24 C.F.R. § 100.205</u>

  Mr. Baker alleges a violation of the FHA regulation pertaining to design and construction requirements for new multifamily dwellings constructed after March 1991. (*See* SAC at 6.)  This regulation applies to the "person or persons who designed or constructed the housing facility[,]" such as developers, builders/contractors, and architects/designers, and sets forth requirements for covered buildings to provide accessible "public and common use areas[,]" doorways, entrances, environmental controls, bathrooms, and kitchens.  *See* 24 C.F.R. § 100.205(a), (c).  Although Mr. Baker contends that the Emerald's trash room is not accessible "because disabled individuals are required to go up several stairs to access the room[,]" he has not alleged facts sufficient to show that Defendants "designed or constructed the housing facility" or are otherwise liable for the building's purportedly inaccessible design.  *See id.*; (*see also* SAC ¶ 45).  Mr. Baker also asserts that "[t]he Emerald delayed repairs and failed to repair scalding hot water for residents . . . for several weeks, and [Mr. Baker] was burned [as a result.]" (*See* SAC ¶ 29.)  Here, Mr. Baker's claim fails because the Emerald is no longer party to this action and therefore Mr. Baker cannot plausibly allege that the hot water issue is covered by this regulation.  *See generally* 24 C.F.R. § 100.205(c).  Thus, the court dismisses this claim with prejudice.

    5.  <u>Discriminatory Advertisements, Statements and Notices, 24 C.F.R. § 100.75</u>

  Mr. Baker alleges a violation of the FHA regulation prohibiting discriminatory advertisements, statements and notices.  (*See* SAC at 6.)  This regulation makes it

unlawful to make, print, or publish any notice or advertisement for the sale or rental of a dwelling that indicates a preference, limitation, or discrimination based on a protected characteristic.  *See* 24 C.F.R. § 100.75.  Mr. Baker does not set forth allegations of this nature against Defendants in the second amended complaint.  (*See generally* SAC.)  Thus, the court dismisses his claim with prejudice.

      6.    <u>Discriminatory Representations on the Availability of Dwellings, 24 C.F.R. § 100.80</u>

Mr. Baker alleges a violation of the FHA regulation that prohibits making discriminatory representations regarding the availability of dwellings.  (*See* SAC at 6.)  This FHA regulation expressly bars anyone involved in selling or renting dwellings from providing inaccurate or untrue information about housing to individuals based on their protected status.  *See* 24 C.F.R. § 100.80.  Mr. Baker does not set forth allegations of this nature against Defendants in the second amended complaint.  (*See generally* SAC; *see also*, *e.g.*, *id*. ¶¶ 8, 26 (alleging that a former defendant temporarily made housing unavailable to Mr. Baker), ¶ 35 (alleging that CWD Group did not make repairs to the building as quickly as Mr. Baker thought possible).)  Thus, the court dismisses his claim with prejudice.

      7.    <u>General Prohibitions Against Discrimination Because of Handicap, 24 C.F.R. § 100.202</u>

Mr. Baker alleges a violation of the FHA regulation prohibiting discrimination based on handicap in housing.  (*See* SAC at 6.)  To state a claim for discrimination, Mr. Baker must show (1) he was qualified to rent or buy a dwelling, (2) an adverse action pertaining to the procurement of housing occurred, and (3) that Defendants were

motivated by Mr. Baker's handicap status. 24 C.F.R. § 100.202. Mr. Baker does not set forth allegations of this nature against Defendants in the second amended complaint. (*See generally* SAC.) Thus, the court dismisses his claim with prejudice.

**F.    Leave to Amend**

Having reviewed Mr. Baker's second amended complaint pursuant to § 1915(e)(2), the court concludes that the following claims survive: (1) violation of FHA regulations pertaining to (i) discrimination, 24 C.F.R. § 100.65; (ii) reasonable accommodations, 24 C.F.R. § 100.204; (iii) prohibited interference, coercion, or intimidation, 24 C.F.R. § 100.400; (iv) quid pro quo and hostile environment harassment, 24 C.F.R. § 100.600; and (2) discrimination in the sale or rental of housing under the FHA, 42 U.S.C. § 3604(b), (f). The court orders Mr. Baker to file a third amended complaint addressing only these surviving claims that complies with the requirement that his complaint include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court puts Mr. Baker on notice that its grant of leave to amend pertains only to the surviving claims enumerated above. The court will not consider any newly added claims or defendants. This ruling is without prejudice to any motion to dismiss Defendants may wish to file in the future.

**G.    Mr. Baker's motion for preliminary injunction is denied as moot.**

On November 10, 2025, Mr. Baker filed a motion for a preliminary injunction petitioning the court for assistance with obtaining a new residential lease. (*See generally* MPI.) Because Mr. Baker later filed a notice of settlement informing the court that this

1 issue is now resolved, the court denies Mr. Baker's motion for preliminary injunction as
2 moot. (*See* 12/2/25 Not.)

3 **H.    Mr. Baker's motions for service by the U.S. Marshal are denied as moot.**

4 Mr. Baker's motions for service by the U.S. Marshal are denied as moot because
5 the court has ordered Mr. Baker to file a third amended complaint. These denials are
6 without prejudice to filing a third motion for service by the U.S. Marshal after he files his
7 third amended complaint.

8 **I.    Mr. Baker's motion to appoint counsel is denied.**

9 Mr. Baker requests that the court appoint counsel. (*See* MAC at 1.) In civil
10 actions for damages, appointment of counsel is permitted only for "exceptional
11 circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *Baker v. Wash. State Dep't of Soc.*
12 *and Health Servs.*, No. C25- 2302LK, 2025 WL 3534209, at *3 (W.D. Wash. Dec. 10,
13 2025) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (internal
14 quotation marks omitted). Courts evaluate two factors when determining whether to
15 appoint counsel: "(1) the likelihood of success on the merits and (2) the ability of the
16 petitioner to articulate his claims pro se in light of the complexity of the legal issues
17 involved." *Id*. (internal quotation marks omitted).

18 The court concludes that Mr. Baker's submissions do not support appointing
19 counsel. Mr. Baker vaguely states that he has "contacted [hundreds] of resources and law
20 offices, and nobody has time[.]" (*See* MAC at 2.) Mr. Baker, however, makes no
21 argument as to the likelihood of success on the merits of his claims, and this case does
22 not appear to present the types of legally or factually complex issues that would preclude

Mr. Baker from adequately articulating his claims *pro se*. (*See id.*) Thus, the court denies Mr. Baker's motion to appoint counsel.

## IV.   CONCLUSION

For reason of the forgoing the court ORDERS as follows:

(1) The court DISMISSES with prejudice Mr. Baker's claims for:

    a. defamation, 28 U.S.C. § 4101;

    b. disclosure of personal information, 15 U.S.C. § 6802;

    c. retaliation under the ADA, 42 U.S.C. § 12203;

    d. violation of Title III of the ADA, 42 U.S.C. §§ 12181, 12182;

    e. violation of the FHA for refusal to rent, making housing unavailable, discriminatory advertising, misrepresentation of availability, and blockbusting, 42 U.S.C. § 3604(a), (c)-(e);

    f. coercion under the FHA, 42 U.S.C. § 3617; and

    g. violation of the FHA regulations pertaining to the following:

        i. FHA Poster, 24 C.F.R. § 110.10;

        ii. steering, 24 C.F.R. § 100.70;

        iii. voluntary self-test privilege, 24 C.F.R. §§ 100.144, 100.145;

        iv. design and construction requirements, 24 C.F.R. § 100.205;

        v. discriminatory advertisements, statements, and notices, 24 C.F.R. § 100.75;

        vi. discriminatory representations on the availability of dwellings, 24 C.F.R. § 100.80; and

        vii. general prohibitions against discrimination because of handicap, 24 C.F.R. § 100.202.

(2) The court ORDERS Mr. Baker to file an amended complaint that complies with this order and Rule 8(a) by **Tuesday, January 13, 2026**. Failure to fully

Case 2:25-cv-01989-JLR    Document 18    Filed 12/23/25    Page 16 of 16

       comply with this order may result in sanctions including and up to the dismissal of the case.

(3) The court DENIES as moot Mr. Baker's motion for a preliminary injunction (Dkt. # 9).

(4) The court DENIES as moot Mr. Baker's motions for U.S. Marshal service (Dkt. ## 10, 17).

(5) The court DENIES Mr. Baker's motion to appoint counsel (Dkt. # 11).

Dated this 23rd day of December, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 16