UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER, | CASE NO. C25-1989JLR |
| Plaintiff, | ORDER |
| v. | |
| THE EMERALD CONDOS et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Justin Baker's third amended complaint (TAC (Dkt. # 19).) Defendants Joe Majewski, CWD Group, and Zach Page, (collectively, "Defendants") have not appeared in this action. (*See generally* Dkt.) Because Mr. Baker is a proceeding *in forma pauperis* ("IFP"), the court must dismiss his complaint "at any time" if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); (*see* 10/15/25 Order (Dkt. # 4) (granting Mr.

Baker IFP status)).  Having reviewed Mr. Baker's third amended complaint pursuant to § 1915(e)(2)(B), the court DISMISSES all remaining claims and this action.

## II. BACKGROUND

In its December 23, 2025 order, the court (1) set forth the relevant procedural and factual background of this case and (2) granted Mr. Baker leave to file a third amended complaint addressing only the surviving claims.  (12/23/25 Order (Dkt. # 18) at 2-4, 13.)  On December 24, 2025, Mr. Baker filed the third amended complaint bringing claims against Defendants for (1) violation of the Fair Housing Act ("FHA"), 42 U.S.C § 3604(b), (f) and (2) violations of the FHA regulations.  (*See* TAC at 7.)

## III. ANALYSIS

The court now reviews the claims Mr. Baker raises in the third amended complaint pursuant to § 1915(e)(2).

**A.  The Third Amended Complaint Does Not Comply with Federal Rule of Civil Procedure 8(a).**

Mr. Baker's third amended complaint is 28 single-spaced pages and does not contain a short and plain statement of his claims showing his entitlement to relief.  Fed. R. Civ. P. 8(a).  The court warned Mr. Baker in its December 23, 2025 order that his 26-page second amended complaint did not comply with Rule 8(a).  (*See* 12/23/25 Order at 3 n.1; *id*. at 13 (ordering Mr. Baker to file an amended complaint that complies with Rule 8(a)); *see also* SAC (Dkt. # 15).)  Although it addresses only Mr. Baker's two surviving

claims,[1] the third amended complaint is *longer* than the second amended complaint and largely repeats the allegations raised therein. (*Compare* TAC; *with* SAC.) Thus, dismissal of the third amended complaint is warranted for failure to comply with Rule 8(a). Nevertheless, the court reviews Mr. Baker's remaining claims below.

**B.     Mr. Baker's claim for violation of the Fair Housing Act is dismissed.**

Mr. Baker alleges a violation of the FHA, 42 U.S.C. § 3604(b), for discriminatory terms and service, and 42 U.S.C. § 3604(f), for disability discrimination. (*See* TAC at 7.) To state a claim for discriminatory terms and service, Mr. Baker must plausibly allege that (1) he is a member of a protected class; (2) he was qualified to rent or purchase a dwelling or was an existing tenant in good standing; and (3) Defendants applied different terms, conditions, or privileges to Mr. Baker compared to others. *See* 42 U.S.C. § 3604(b). To state a claim for disability discrimination, Mr. Baker must show that (1) he is a person with a relevant disability; (2) he was qualified to rent or buy a dwelling; (3) Defendants refused to rent/sell or applied different terms, conditions, or privileges to his tenancy; and (4) causation. *See* 42 U.S.C. § 3604(f). Mr. Baker does not set forth allegations of this nature in the third amended complaint. (*See generally* TAC.) Consequently, the court dismisses his claim for violation of the FHA with prejudice.

//

//

//

---

[1] In its December 23, 2025 Order, the court dismissed with prejudice seven of Mr. Baker's original claims for failure to comply with Federal Rule of Civil Procedure 12(b)(6). (*See* 12/23/25 Order at 15.)

### C. Mr. Baker's claim for violations of the Fair Housing Act regulations is dismissed.

#### 1. Discrimination in terms, conditions and privileges and in services and facilities, 24 C.F.R. § 100.65

To state a claim for discrimination, Mr. Baker must show that (1) he is a member of a protected class; (2) he was qualified to buy or rent the dwelling or was a tenant in good standing; (3) Defendants imposed different terms or limited services compared to others; and (4) causation. *See* 24 C.F.R. § 100.65. Mr. Baker does not set forth allegations of this nature in the third amended complaint. (*See generally* TAC.) Consequently, the court dismisses his claim with prejudice.

#### 2. Reasonable accommodation, 24 C.F.R. § 100.204

To state a claim for failure to provide a reasonable accommodation, Mr. Baker must plausibly allege that (1) he is a handicapped person as defined by the Fair Housing Amendments Act of 1988 ("FHAA"); (2) Defendants knew, or should have known, about Mr. Baker's handicap at the time of the refusal; (3) Mr. Baker requested a specific change, exception, or adjustment to a rule, policy, practice, or service; (4) the requested accommodation is necessary to afford him an equal opportunity to use and enjoy the dwelling; and (5) Defendants denied the request or failed to respond within a reasonable time. *See* 24 C.F.R. § 100.204; 42 U.S.C. § 3602(h)(1), (3); *see also Becker v. Orchard Hills Apts.*, No. CV-11-5108RMP, 2012 WL 3776975, at *3 (E.D. Wash. Aug. 29, 2012) (compiling cases). The FHA and the FHAA define a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an

impairment." 42 U.S.C. § 3602(h)(1), (3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

Mr. Baker alleges both former defendant the Emerald condos ("the Emerald") and current Defendants Mr. Page and Mr. Majewski failed to provide him with reasonable accommodations. (*See* TAC ¶¶ 18, 20.) Because the Emerald is no longer a party to this action, the court addresses only the allegations against Defendants.[2] (*See id*. ¶¶ 17-18 (setting forth allegations of this nature against the Emerald).) Although Mr. Baker generally alleges that he is a person with a disability; that he informed Mr. Page and Mr. Majewski that "he had a reasonable accommodation on file with the city of Seattle[;]" and that Mr. Page told Mr. Baker that "he's not allowed to have his reasonable accommodation for the cardboard," Mr. Baker has not alleged facts sufficient to state a claim for failure to provide a reasonable accommodation. (*Id*. ¶ 20.)

First, with respect to the nature of the disability at issue, Mr. Baker states only that he is "a federally disabled individual with medical problems" and does not provide sufficient details about his limitations for the court to conclude that he is a handicapped person under the FHAA. Second, Mr. Baker states that he informed Mr. Page and Mr. Majewski that "he had reasonable accommodation on file with the city of Seattle[,]" but it is not clear to the court to what process Mr. Baker is referring and what, if anything, Mr. Baker shared directly with Defendants about his disability and/or his specific request

---

[2] Mr. Baker dismissed the Emerald from this action on December 2, 2025, when he filed a second amended complaint in which he did not name the Emerald as a defendant. (*See* SAC.)

regarding the cardboard boxes. (*See, e.g.*, TAC ¶¶ 11, 17, 20.) Moreover, it is not clear to the court that Mr. Page and Mr. Majewski are the appropriate persons to receive and approve Mr. Baker's request for an accommodation. Indeed, Mr. Baker alleges that he requested from the Emerald an accommodation regarding the requirement to break down cardboard boxes. (*See* TAC ¶¶ 17-18, 36 (alleging that Mr. Baker made a request for an accommodation regarding cardboard boxes to the Emerald and "the Emerald never responded to the request and refused the medical accommodation for [Mr. Baker]").) Finally, Mr. Baker does not allege facts showing that the request for an accommodation for disposal of cardboard is necessary to afford Mr. Baker "an equal opportunity to use and enjoy the dwelling[.]" *Becker*, 2012 WL 3776975 at *3. Consequently, the court dismisses his claim with prejudice.

        3. <u>Prohibited interference, coercion or intimidation, 24 C.F.R. § 100.400</u>

To state a claim for prohibited interference, coercion or intimidation, Mr. Baker must plausibly allege (1) he is a member of a protected class; (2) Defendants engaged in conduct that constitutes coercion, intimidation, threats, or interference; (3) a causal link between the prohibited conduct and Mr. Baker's protected status or exercise of his rights under the FHA; and (4) injury. *See* 24 C.F.R. § 100.400. Although Mr. Baker alleges that he reported the Emerald's refusal to respond to his request for accommodation about cardboard boxes "to the authorities" and that the Emerald "attempted to charge [Mr. Baker's] condo owner hundreds of dollars by falsely accusing [him] of HOA violations" related to his purported improper cardboard disposal, he does not make allegations sufficient to state a claim for prohibited interference, coercion, or intimidation against

Defendants.  (TAC ¶¶ 18, 21; *see generally* TAC.)  Consequently, the court dismisses his claim with prejudice.

    4.  *Quid pro quo* and hostile environment harassment, 24 C.F.R. § 100.600

To state a claim for *quid pro quo* harassment, Mr. Baker must plausibly allege that (1) he was subject to an unwelcome request or demand to engage in certain conduct; (2) Defendants made submission to that request or demand a condition of his access to housing; (3) the harassment occurred because he is a member of a protected class.  *See* 24 C.F.R. § 100.600.  Mr. Baker does not set forth allegations of this nature in the third amended complaint.  (*See generally* TAC.)

To state a claim for hostile environment harassment, Mr. Baker must plausibly allege that (1) he was subjected to unwelcome spoken, written, or physical conduct; (2) such conduct was based on his membership in a protected class; and (3) the conduct was sufficiently severe or pervasive as to interfere with his ability to use and enjoy his dwelling or access housing services.  *See* 24 C.F.R. § 100.600.  Whether a hostile environment exists "depends upon the totality of the circumstance," and should consider factors such as "the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved."  *Id*. § 100.600(a)(2)(i)(A).  "Whether unwelcome conduct is sufficiently severe or pervasive as to create a hostile environment is evaluated from the perspective of a reasonable person in the aggrieved person's position."  *Id*. § 100.600(a)(2)(i)(C).

The court concludes that Mr. Baker fails to state a claim for hostile environment harassment against Defendants. Although Mr. Baker alleges CWD Group created a hostile environment because it "prefers [Mr. Baker] to concisely state through writing" the maintenance issues with which he needs assistance; imposes penalties against Mr. Baker for his alleged noncompliance with the building's policy requiring that residents break down cardboard boxes; and shows Mr. Baker photos of himself from security footage documenting Mr. Baker's purported noncompliance with building policies, Mr. Baker has not set forth facts alleging that such conduct was based on Mr. Baker's membership in a protected class or sufficiently severe or pervasive as to interfere with his ability to use and enjoy his dwelling or access housing services. (*See, e.g.*, TAC ¶¶ 11, 38, 41.) Consequently, the court dismisses his claim with prejudice.

**D.     The court denies Mr. Baker further leave to amend.**

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Mr. Baker has now had four opportunities to state his claims, including two orders granting him leave to amend. (*See* Compl. (Dkt. # 5); Am. Compl. (Dkt. # 8); SAC; TAC; *see also* 11/19/25 Order (Dkt. # 13) (granting Mr. Baker leave to amend); 12/23/25 Order (same).) Nevertheless, he has failed to sufficiently state his claims and, consequently, the court concludes that further amendment would be futile.

## IV. CONCLUSION

For reason of the forgoing, the court DISMISSES Mr. Baker's claims for discrimination in the sale or rental of housing under the FHA, 42 U.S.C. § 3604(b), (f) and violation of FHA regulations pertaining to: (1) discrimination, 24 C.F.R. § 100.65; (2) reasonable accommodations, 24 C.F.R. § 100.204; (3) prohibited interference, coercion, or intimidation, 24 C.F.R. § 100.400; and (4) *quid pro quo* and hostile environment harassment, 24 C.F.R. § 100.600.  Mr. Baker's third amended complaint, and this action, are DISMISSED with prejudice.

Dated this 29th day of December, 2025.

JAMES L. ROBART
United States District Judge